**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4624

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

KENNY JABAR ROANE,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (3:03-cr-00257-RLW-1)

Submitted: March 30, 2011          Decided:  April 29, 2011

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Valencia Roberts, Assistant Federal Public Defender, Caroline S. Platt, Research and Writing Attorney, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, N. G. Metcalf, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenny Roane appeals the district court's order revoking his supervised release and sentencing him to fifteen months' imprisonment. On appeal, Roane contends that (1) there was insufficient evidence to support the district court's finding that he violated a condition of his supervised release by eluding a police officer; and (2) his sentence is plainly unreasonable. Finding no reversible error, we affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006); Copley, 978 F.2d at 831. This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

Under Virginia law, a person is guilty of felony eluding a police officer if,

> having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, [he] drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person.

Va. Code Ann. § 46.2-817 (LexisNexis 2010). Here, the evidence showed that it was more probable than not that Roane disregarded the siren and verbal direction he received from a police officer and continued to drive his vehicle so as to endanger another police officer stopped on the road. Thus, we conclude that the district court did not abuse its discretion in finding that a preponderance of the evidence showed that Roane committed a felony by eluding a police officer.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm unless the sentence is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006).

First, we must decide whether the sentence is unreasonable, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438. A sentence is procedurally

3

reasonable if the district court has considered the policy statements contained in chapter seven of the U.S. Sentencing Guidelines Manual ("USSG") and the applicable § 3553(a) factors and has explained adequately the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Crudup, 461 F.3d at 439. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Id. at 440. If, after considering the above, the appellate court determines that the sentence is not unreasonable, it should affirm. Id. at 439.

We hold that the district court's imposition of a fifteen-month term of imprisonment was not unreasonable. Procedurally, the district court adequately explained its chosen sentence and considered the § 3553(a) factors and USSG chapter seven policy statements. Substantively, the district court stated a proper basis and sentenced Roane within the statutory maximum. See 18 U.S.C. § 3583(e)(3). Because we conclude that Roane's sentence is not unreasonable, we need not consider whether it is plainly so.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED